Barnard, P. J.
The defendant, as assignee or sub-contractor of the plaintiff, agreed to do the things called for by the agreement between the plaintiff ana the city of Long Island. As compensation for this the defendant was to receive twenty six dollars for gas lamps, and one-half of the net profits.
Under this covenant it was not proper to charge for superintendence of the work. The defendant agreed to do it under fixed terms, and any superintendence needed to insure a performance of the contract the defendant was bound to furnish under the terms agreed upon between the companies.
The $1,700 allowed for this does not, therefore, constitute a charge against the plaintiff.
The charge for lanterns was proper. By the terms of the agreement between the plaintiff’s company and the city, the lanterns were to be repaired and kept in repair by the contractor. It was, under this agreement, the duty of the defendant to replace lanterns which became useless, and the city council not be asked to repay the costs.
The charge for the difference between gasoline and kerosene was proper.
It is true that the price of gasoline was fixed as between the plaintiff and the defendant, but as between the plaintiff and the city, the light furnished from gasoline was up to the standard of the original agreement.
There is no error in allowing the charges for the horses and wagons. It was a necessary expense under the contract.
As to the judgments the referee has found that they were paid at the request of the plaintiff’s company.
It became, therefore, a payment to the plaintiff equally as if it had been paid to the company.
The question of the solvency of the plaintiff’s company as between the two companies is of no moment in the absence of fraud.
The defendant is not to be charged with moneys deducted by the common council, even if these deductions were for deficiencies in the plaintiff’s performance before the assignment of the contract to defendant.
The contract was taken as a continuing contract, and payments subsequent were to be made to defendant for part performance. The deficiency in execution before plaintiff assigned should not be charged to the defendant.
The judgment should be modified by deducting $1,135.31, with interest on *878 that sum, from the date of the judgment, and the judgment, as modified, should be affirmed, without costs to either party on the appeal.
Pratt, J., concurs
Pratt, J.
The referee allowed defendants $1,135.31 for superintendence of the work done under the contract between the two gas companies.
We do not think this credit is sustained by the evidence
The superintending was done by officers of defendant; there is no proof that it cost defendant anything.
In default of distinct proof that superintendence was necessary, and that the sum charged was reasonable, and was in fact paid by defendants for the identical service, that charge should have been disallowed.
We find no other error.
It results that the judgment that the Citizens Company is indebted to the East River Company in the sum of $2,474.36, should be modified by deducting-therefrom the sum of $1,135.31, and, as modified, the judgment should be affirmed without costs. _